IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Donnie C. Burrow, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 08-G-0612-S |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Donnie C. Burrow, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper

legal standards were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  Bloodsworth, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled.  The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520 (a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope, at 477; accord Foot v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

In the instant case, the ALJ, Jack F. Ostrander, determined the plaintiff met the first two tests, but concluded did not suffer from a listed impairment. The ALJ found the plaintiff unable to perform his past relevant

3

work.  Once it is determined that the plaintiff cannot return to his prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do."  Foote, at 1559.  When a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical-Vocational Guidelines (the grids).  Foote, at 1558-59.  The presence of a non-exertional impairment (such as pain, fatigue or mental illness) also prevents exclusive reliance on the grids.  Foote, at 1559.  In such cases "the [Commissioner] must seek expert vocational testimony.  Foote, at 1559.

## THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

As the Sixth Circuit has noted:  "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim."  Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988).  "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary."  McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991).  In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight ...."  McGregor, 786 F.2d at 1053.  If the Commissioner ignores or fails to

properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true.  McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216.  The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence.  See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

## THE IMPACT OF A VOCATIONAL EXPERT'S TESTIMONY

It is common for a vocational expert ("VE") to testify at a claimant's hearing before an ALJ, and in many cases such testimony is required.  The VE is typically asked whether the claimant can perform his past relevant work or other jobs that exist in significant numbers within the national economy based upon hypothetical questions about the claimant's abilities in spite of his impairments.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

If the claimant is unable to perform his prior relevant work the burden shifts to the  Commissioner to establish that he can perform other work.  In such cases, if the vocational expert testimony upon which the ALJ relies is

based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met that burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed. This is so even if no other hypothetical question is posed to the VE. See Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987)(noting that when the burden is on the Commissioner to show the claimant can do other work, the claimant is not obligated to pose hypothetical questions in order to prevail). However, it is desirable for the VE to be asked whether the claimant can perform any jobs if his subjective testimony or the testimony of his doctors is credited. Such a hypothetical question would allow disability claims to be expedited in cases in which the ALJ's refusal to credit that testimony is found not to be supported by substantial evidence.

In Varney v. Secretary of Health and Human Services, 859 F.2d 1396 (9th Cir. 1987), the Ninth Circuit adopted the Eleventh Circuit rule which holds that if the articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, that testimony is accepted as true as a matter of law. Id at 1401. The court noted that "[a]mong the most persuasive arguments supporting the rule is the need to expedite disability claims." Id. If the VE is asked whether the claimant could perform other jobs if his testimony of

pain or other subjective symptoms is accepted as true, the case might be in a posture that would avoid the necessity of a remand.  As Varney recognized, if the VE testifies the claimant can perform no jobs if his pain testimony is accepted as true, the only relevant issue would be whether that testimony was properly discredited.  Id.  This also holds true for the opinions of treating physicians.

## DISCUSSION

In the present case the plaintiff's treating physician, Dr. Shah, completed a physical capacities evaluation (PCE) that limited the plaintiff to a total of two hours combined sitting, standing, or walking in an eight hour day.  Dr. Shah also opined that the plaintiff would be limited to lifting no more than 5 pounds occasionally.  Record 121.  This opinion contradicts the ALJ's finding that the plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently and could perform a limited range of light work with a sit-stand option.  The ALJ refused to credit the opinion of Dr. Shah because "it is not in accord with the rest of the record when considered as a whole."  Record 25.  The ALJ  supported this by stating that "x-rays of the claimant's spine show only facet arthritis at L4-S1, which would not be expected to cause debilitating pain and prevent all work."  Record 25.  The ALJ cites no medical authority for this statement.  This amounts to the ALJ making his own medical findings, rather

than relying on the medical evidence of record. The ALJ, therefore, "succumbed to the [forbidden] temptation to play doctor and make [his] own independent medical findings." Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996). A review of the medical evidence of record shows that the ALJ's decision not to credit the opinion of Dr. Shah was not supported by substantial evidence.

On November 27, 2004, the Commissioner's consultant, Dr. Alapati, found paravertebral muscle spasm in the lumbar region.  Record 114. Dr. Alapati's functional assessment limited the plaintiff to six hours of walking "with frequent breaks in view of history of back pain and leg problems."  Record 115.  The plaintiff was limited to six hours of sitting in an eight-hour day "with frequent breaks."  Record 115.  Dr. Alapati opined the plaintiff could lift or carry 20 pounds frequently during an eight-hour work day.  Record 115.  Dr. Alapati, however, also found the plaintiff was limited to only occasionally "bending, stooping, crouching and so on...."  Record 115.  Because Dr. Alapati examined the plaintiff approximately one year before Dr. Shah, his report does not provide substantial evidence for rejecting Dr. Shah's opinions.

Even though x-rays of the spine only showed facet arthritis, Dr. Shah, diagnosed degenerative joint disease and sciatica.  Record 125, 129.  He also diagnosed bilateral neuropathy.  Record 129.  In the treatment note from

September 20, 2005, Dr. Shah wrote that the plaintiff "has no potential for doing [a] job." Record 125. In that treatment note Dr. Shah also wrote that the plaintiff "cannot bend or stand" and that the plaintiff "has disability due [to] lack of sensation in both feet – spasm of back muscles." Record 125. In the treatment note from January 3, 2006, Dr. Shah wrote that the plaintiff "can not stand or sit more than 5-10 minutes [due to] muscle spasm." Record 126.

Dr. Shah's treatment notes support his PCE. There is no medical evidence of record contradicting Dr. Shah's findings in his September 20, 2005, examination, which provides support for his PCE. This is not a case where the treating physician failed to make specific statements about the plaintiff's residual functional capacity. In the treatment notes Dr. Shah specifically stated the plaintiff could not bend and would be unable to sit or stand for more than five to 10 minutes due to muscle spasms. While the ALJ stated that Dr. Shah's opinion was not in accord with the rest of the record, that is not the case. Dr. Alapati's consultative examination was almost one year previous to Dr. Shah's treatment notes. It does not provide substantial evidence for rejecting Dr. Shah's PCE at time it was completed.

Because the ALJ's reasons for rejecting the opinions of Dr. Shah about the plaintiff's residual functional capacity as of September 20, 2005, are

not supported by substantial evidence, those opinions must be accepted as true. With the functional restrictions assessed by Dr. Shah, the vocational expert testified the plaintiff would be unable to perform any work. Accordingly, the ALJ's decision is not supported by substantial evidence after September 20, 2005, and the plaintiff is disabled within the meaning of the Social Security Act as of that date. Therefore, the action will be remanded with instructions that the plaintiff be awarded the benefits claimed as of September 20, 2005, unless the Commissioner determines on remand that an earlier onset date is warranted.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 26 January 2009.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.